UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                      Case No. 3:18-cr-637

         Plaintiff,

     v.                                          MEMORANDUM OPINION
                                                    AND ORDER

Michael Evans, II,

         Defendant.

### I.      INTRODUCTION AND BACKGROUND

Defendant Michael Evans, II, an inmate at United States Penitentiary – Big Sandy in Inez, Kentucky, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 25). The government has not filed anything by way of opposition.

In November 2018, Evans was indicted on one count of possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). Evans pled guilty to this offense. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Evans a substantial downward variance from his Guideline range of 77 to 96 months and sentenced him to a term of 48 months in prison and a supervised release term of 3 years. (Doc. No. 20; Doc. No. 27 at 33-34). Evans has now been incarcerated for approximately 24 months and is scheduled to be released on August 27, 2022.

On July 20, 2020, Evans filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 25). He supplemented this motion on September 14, 2020. (Doc. No. 28). In his

1

filings, Evans cites the general conditions of USP Big Sandy and alleges his high blood pressure increases his risk of serious illness or death if he were to contract COVID-19 while incarcerated.

## II.     ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418 (Mem), 2020 WL 5117947, at *1 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also "must find that the defendant 'is not a danger to the safety of any other person or to the community.'" *Id.* (quoting USSG § 1B1.13(2) (citing 18 U.S.C. § 3142(g)); *see also United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("If these criteria are satisfied, the district court 'may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment).'" (quoting 18 U.S.C. § 3582(c)(1)(A)).

Evans claims he wrote to the Warden requesting compassionate release over 30 days before filing his motion and received no response. (Doc. No. 25 at 1). Section 3582(c)(1)(A) permits a defendant to file a motion for compassionate release after he has fully exhausted administrative

2

remedies or after 30 days have passed since the defendant submitted a request to the warden. Therefore, I find Evans has satisfied the exhaustion requirement and turn to whether "extraordinary and compelling reasons" warrant compassionate release.

As my colleague, Judge Dan Polster, stated, "concerns of contracting COVID-19 constitutes an extraordinary and compelling reason when two conditions are met: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *United States v. Hardin*, No. 19-cr-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).[1] Here, Evans cites his high blood pressure and the general conditions of the prison in support of his motion.

The CDC has advised that those with high blood pressure "*might* be at an increased risk for severe illness from the virus that causes COVID-19."[2] While the CDC does not elaborate on this guidance with evidence, the Mayo Clinic has advised,

> The latest evidence shows that people with uncontrolled or untreated high blood pressure may be at risk of getting severely ill with COVID-19. It's also important to note that people with untreated high blood pressure seem to be more at risk of complications from COVID-19 than those whose high blood pressure is managed with medication.[3]

At USP Big Sandy, Evans's takes medication daily to manage his high blood pressure, thus mitigating risk of severe illness. (Doc. No. 28 at 2). Because Evans's blood pressure is managed and

---

[1] The Sixth Circuit has advised that district courts evaluating these motions need not apply this definition, but adoption and application of this definition is not an abuse of discretion. *United States v. Elias*, -- F.3d --, 2021 WL 50169, at *4 n.1 (6th Cir. Jan. 6, 2021).

[2] People with Certain Medical Conditions, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 29, 2020) (emphasis added).

[3] William F. Marshall, III, M.D. COVID-19 and high blood pressure: Am I at risk?, Mayo Clinic (June 30, 2020), https://www.mayoclinic.org/diseases-conditions/coronavirus/expert-answers/coronavirus-high-blood-pressure/faq-20487663#:~:text=The%20latest%20evidence%20shows%20that,high%20blood%20pressure%20is%20managed

because there is only a speculative association between high blood pressure and severe illness from COVID-19, I cannot conclude Evans is at "high risk of having complications from COVID-19."

Even if "extraordinary and compelling reasons" warranted a sentence reduction, I cannot conclude a modified sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Evans has served only 60% of his 48-month sentence he received after pleading guilty to possessing a firearm after previously being convicted of a felony. Evans has not shown a further-reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, Evans's lengthy criminal history (including a previous conviction for the same offense), and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Although I commend Evans for his participation in the Residential Drug Abuse Program (RDAP) and his efforts to formulate a successful release plan, I conclude extraordinary and compelling reasons do not justify a modified sentence and that a reduced sentence would not fulfill the objectives of § 3553(a).

### III. CONCLUSION

For these reasons, I deny Evans's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 25).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge